IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT TADDEI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE TROOPER CORPORAL BIJAN RASTEGARPANAH | : | NO. 25-303 |
| | : | |

MEMORANDUM

Bartle, J. September 14, 2026

Plaintiff Vincent Taddei has sued Pennsylvania State Trooper Bijan Rastegarpanah in both his official and individual capacities under 42 U.S.C. § 1983. His complaint also pleads claims against defendant under state law. In essence, he alleges that on April 10, 2023 defendant used excessive force against him after he was stopped in Plymouth Township, Montgomery County for various related traffic violations, including excessive speeding. The complaint contains five Counts: Count I for excessive force in violation of the Fourth Amendment; Count II for assault and battery in violation of the Fourth Amendment; Count III for assault and battery under state law; Count IV for intentional infliction of emotional distress under state law; and Count V for negligent infliction of emotional distress under state law.[1]

---

1 While plaintiff asserts a violation of the Fourth Amendment in his federal claims against defendant, the defendant is a Pennsylvania State Trooper. Consequently, it is the Fourteenth Amendment into which the Fourth Amendment has been incorporated,

Before the court is the motion of the defendant for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). The court views the facts and draws all inferences in favor of the nonmoving party. See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Summary judgment is granted when there is insufficient record evidence for a reasonable factfinder to find for the nonmovant. See Anderson, 477 U.S. at 252. "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." Id. In

---

and not the Fourth Amendment that applies. See Mapp v. Ohio, 367 U.S. 643 (1961). For ease of reference, the court will continue to refer to the Fourth Amendment.

addition, Rule 56(e)(2) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

II

The facts are taken in the light most favorable to plaintiff. On April 10, 2023, defendant, in full uniform, was in an unmarked state police patrol vehicle conducting radar enforcement on Interstate 476 in Lower Merion Township, Montgomery County. While doing so, he observed an SUV travelling at a high rate of speed, that is over 100 miles per hour and at one point over 117 miles per hour. Defendant gave chase. He saw the SUV[2] as it exited the Interstate and then as it turned into and stopped at a Lukoil gas station on Germantown Pike in Plymouth Township. Defendant caught up with the SUV at that point. The defendant advised plaintiff, who was the driver and the SUV's lone occupant, that he was being apprehended for speeding and fleeing and eluding law enforcement. Despite defendant's repeated commands (including defendant pointing his firearm at plaintiff) to get out of the SUV, plaintiff at first refused but finally did so. Plaintiff did not comply with the

2 Plaintiff disputes that the speeding SUV on the Interstate observed by the defendant was plaintiff's SUV.

defendant's command to provide his drivers' license, automobile registration, or insurance information. Plaintiff, now outside of his SUV, was argumentative with the defendant and orally challenged his actions with assertions of his Fourth Amendment rights. Yet plaintiff remained in place, made no threats, and never attempted to flee. While plaintiff was close to and facing the SUV, defendant handcuffed him without any resistance.

By this time, a number of Plymouth Township police officers had arrived on the scene to assist defendant. The defendant as well as a local police officer patted down and searched plaintiff but did not find any weapons on his person. Plaintiff was then directed by a local police officer to spit out a lighted cigarette in his mouth. He refused to do so. Defendant then swiped it from his mouth. Shortly thereafter, defendant forced plaintiff's head against the side of the SUV.[3]

According to plaintiff, he suffered a chipped tooth, lip laceration, scarring of his lip, other related physical damages and emotional damages. Thereafter, plaintiff was transported to Roxborough Memorial Hospital for treatment of his injuries. Plaintiff's medical records show that he had a "[r]egular T shaped laceration to [his] lower lip" that was "1

---

[3] The incident at the Lukoil gas station was captured on defendant's vehicle camera as well as on the body-worn camera of two local Plymouth Township police officers who had arrived at the scene to assist defendant.

cm in diameter." The records and photographs of plaintiff taken after the incident show that the laceration was closed using three sutures.

Plaintiff was charged with fleeing or attempting to elude an officer, driving under the influence ("DUI") and unsafe driving in violation of 75 Pa. Cons. Stat. § 3802(a)(1), speeding over sixty-two miles per hour, driving while license suspended for third or subsequent DUI, operating a vehicle with a suspended or revoked license, careless driving, operating a vehicle with willful and wanton disregard for safety, turning or changing lanes without signaling, obstruction, and failure to stop or show identification. He pleaded guilty to misdemeanor obstruction of the administration of law and operating a motor vehicle with a suspended license and a blood alcohol concentration of 0.02 or higher. The remaining charges were dropped. He was sentenced to three years' probation.

III

Defendant first argues that the Eleventh Amendment to the Constitution ousts the federal court of jurisdiction to hear any claims against him in his official capacity as a state trooper. He is correct.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Despite its wording, the Supreme Court has construed the amendment to bar lawsuits in the federal court against a state by a citizen of that state. Hans v. Louisiana, 134 U.S. 1, 9-10 (1890).

It is the general rule that a state, its agencies and their officials and employees in their official capacities cannot be sued in a federal forum, absent consent, waiver or congressional intervention to remove the jurisdictional bar. See Va. Off. for Prot. & Advoc. v. Stewart, 563 U.S. 247, 253-56 (2011). There has been no consent to the present lawsuit, and immunity has not been waived. Nor has Congress acted to allow this action to proceed in federal court against the defendant. Although there is a long-standing but narrow exception that allows state officials in their official capacities to be sued for prospective injunctive and declaratory relief, plaintiff here is seeking only damages and shown no entitlement to injunctive relief. P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); Ex parte Young, 209 U.S. 123, 155-56 (1908).

Accordingly, plaintiff's federal claims against defendant in his official capacity will be dismissed for lack of subject matter jurisdiction.

IV

Count II of the complaint alleges that defendant committed assault and battery in violation of the Fourth Amendment. Defendant maintains that there is no such cause of action. See Duvall v. Hustler, 447 F. Supp. 3d 311, 338 (E.D. Pa. 2020). Plaintiff now concedes the point. The court will grant defendant's motion for summary judgment on Count II.

V

Plaintiff also brings claims against defendant under state law in Counts III, IV, and V respectively for assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. The first two claims involve intentional torts.

The Pennsylvania General Assembly has granted sovereign immunity to the Commonwealth, its officials and employees acting within the scope of their duties, "except as the General Assembly shall specifically waive the immunity." See 1 Pa. Cons. Stat. § 2310; 42 Pa. Cons. Stat. §§ 8521-22. In paragraph twelve of his complaint, plaintiff avers that "at all times relevant hereto, defendant Rastegarpanah was employed in his duties as a State Trooper for the Commonwealth of Pennsylvania." Plaintiff does not argue that defendant at any time acted outside of his duties as a state trooper. Furthermore, the General Assembly has not specifically waived

the immunity for intentional torts of state employees committed within the scope of their employment. See Williams v. Stickman, 917 A.2d 915, 917 (Pa. Commw. Ct. 2007); La Frankie v. Miklich, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992). Thus, plaintiff does not have a viable claim against defendant for the intentional torts of assault and battery or the tort of intentional infliction of emotional distress.

Under Pennsylvania law, sovereign immunity has been waived for damages arising out of a negligent act of a Commonwealth party but only in limited instances. See 42 Pa. Cons. Stat. § 8522. The waiver does not include instances of negligent acts of a state police trooper in the situation alleged here. Id. Plaintiff does not argue to the contrary. Thus, plaintiff's claim against defendant under state law for negligent infliction of emotional distress is barred by sovereign immunity.

The court will grant summary judgment in favor of defendant on all of plaintiff's state law claims asserted in Counts III, IV, and V of the complaint.

VI

That leaves only Count I, in which plaintiff pleads that defendant in his individual capacity used excessive force during his arrest in violation of the Fourth Amendment.

In determining if excessive force has been made out, the Supreme Court has explained that "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). Reasonableness has no precise definition. The Court stated that the application of the reasonableness test for a claim of excessive force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. The Court emphasized that "the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. (citation modified).

The court has outlined earlier the salient facts in the light most favorable to plaintiff. Based on the video and audio evidence of the arrest of plaintiff, his testimony and his medical records, there exist genuine disputes of material fact as to whether the force used by defendant was unreasonable and thus excessive under the totality of the circumstances. At the time plaintiff's head was forced against the SUV, he was known

to be unarmed, had made no threats, was handcuffed, and was not attempting to flee. There were numerous local police officers present. The offenses at issue are related to excessive speeding and inebriation. Plaintiff was not wanted for a serious crime. He suffered injury as a result of defendant's action sufficient enough to be taken to the hospital. Whether the force used against him was excessive is a matter for a jury to decide.

Defendant argues that he is entitled to qualified immunity from suit even if plaintiff has come forward with evidence that defendant used excessive force in violation of the Fourth Amendment. For purposes of analyzing this issue, the court accepts plaintiff's version of the facts. Scott v. Harris, 550 U.S. 372, 378, 380 (2007). The doctrine of qualified immunity protects public officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citation modified). As our Court of Appeals has stated, "clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." Anglemeyer v. Ammons, 92 F.4th 184, 191 (3d Cir. 2024) (citation modified). Existing precedent does not have to

have indistinguishable facts but must be closely analogous. Id. at 192. As noted in Saucier v. Katz, "this inquiry . . . must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." 533 U.S. 194, 201 (2001). The doctrine may be invoked not only by officials sued in their official capacities but also by those sued in their individual capacities. Hafer v. Melo, 502 U.S. 21, 29-31 (1991). Qualified immunity provides immunity from suit and is not merely a defense to liability. Hunter v. Bryant, 502 U.S. 224, 227 (1991). The defendant has the burden to show that qualified immunity is applicable. Mack v. Yost, 63 F.4th 211, 227 (3d Cir. 2023).

The Supreme Court in Graham held that police officers may be held liable for the use of excessive force in violation of the Fourth Amendment. See 490 U.S. at 394. Whether that force is excessive depends on the totality of the circumstances as outlined above. The court must at this stage accept the plaintiff's version of facts as true. As noted, defendant forced plaintiff's face into the SUV after plaintiff was known to be unarmed, was handcuffed, was not offering any resistance, and was not making any threats. The crimes at issue were in essence excessive speeding and inebriation, and numerous local police officers were at the scene. As a result of the impact,

plaintiff suffered injuries such that he was taken to the hospital.

The plaintiff's right to be free of excessive force is clearly established with the requisite specificity to plaintiff's recitation of the facts. Our Court of Appeals in Anglemeyer v. Ammons, 92 F.4th 184, 192 (3d Cir. 2024), denied qualified immunity where the facts were significantly analogous to those presented here. Anglemeyer involved claims of excessive force by police who executed a no-knock search warrant in February 2018 at the house where plaintiffs were living. Id. at 186. The police had information that another one of the occupants of the house was engaged in multiple sales of methamphetamine. Id. After entry, the police zip-tied the wrists of one plaintiff, sat him down on a chair and punched him. Id. at 190. He had been unarmed. Id. The Court stated that once zip-tied he posed no threat and there was no indication that he was resisting the restraints. Id. at 190-91. Another plaintiff was zip-tied and then dropped on the floor, as a result of which both his rotator cuffs were torn. Id. at 191. Once he had been zip-tied, he was secured, cooperative, and not at risk of flight. Id. The Court of Appeals held that "it was clearly established [as of February 2018] that it was unlawful for the officers to inflict serious bodily harm on individuals who were plainly unarmed, substantially outnumbered by law

enforcement, cooperative, not suspected of wrongdoing, and in their own home." Id. at 192-93.

The Court of Appeals cited with approval Shannon v. Koehler, 616 F.3d 855 (8th Cir. 2010). Plaintiff Shannon sued Koehler, a police officer, for the use of excessive force. Koehler had responded to a call of a disturbance at a bar owned by Shannon, who was drunk and had punched a woman in the face. Id. at 858. According to Shannon's version of the facts, Koehler performed a takedown as a result of which Shannon landed on the hardwood floor. Id. Koehler handcuffed one of Shannon's arms and used additional force to secure the second arm in a handcuff. Id. Shannon denied he was uncooperative and alleged he was injured during the arrest. Id. The Shannon court denied Koehler's claim of qualified immunity. Id. at 865. It emphasized that Shannon had not been suspected of committing a serious crime, had not attempted to flee or to actively resist arrest, and posed little or no threat to Koehler. Id. at 862-63. The Court held that "it was not reasonable for Officer Koehler to use more than de minimis force against him." Id. at 863. Shannon admittedly had been disrespectful to Koehler. Id. at 865. Nonetheless, it is not acceptable, the court declared, to use improper force simply because a person is argumentative, contentious or vituperative. Id. (citing Bauer v. Norris, 713 F.2d 408, 412 (8th Cir. 1983).

The Court in Anglemeyer, described Shannon as holding that "it was clearly established [at least as of February 2018] that it is unlawful for an officer to engage in serious bodily harm when the individual posed no danger to the officer and did not resist or attempt to flee." Anglemeyer, 92 F.4th at 192. The Anglemeyer court also cited several other decisions in which it had denied qualified immunity where police officers or prison guards had used allegedly unreasonable force on individuals who offered no threat. See Jacobs v. Cumberland Cnty., 8 F.4th 187 (3d Cir. 2021); Couden v. Duffy, 446 F.3d 483 (3d Cir. 2006).

Taking the evidence in the light most favorable to plaintiff, defendant forced plaintiff's face into the SUV, causing plaintiff to suffer bodily injury serious enough to be taken to the hospital. At the time the injury was inflicted, plaintiff was unarmed, in handcuffs, not resisting arrest, not making threats and not attempting to flee. Numerous local police officers were present at the time, and plaintiff was not suspected of any serious crimes. Plaintiff posed no danger to defendant or to others when defendant used the force in issue against plaintiff. The fact that at times he was argumentative or uncooperative does not excuse excessive force. Any reasonable police officer would know that forcing plaintiff's face into the SUV under such circumstances was unlawful. Defendant's claim of qualified immunity fails.

The motion of defendant for summary judgment on plaintiff’s claim in Count I of the complaint against defendant in his individual capacity for the use of excessive force will be denied.[4]

[4] The defendant argues that the opinion of plaintiff’s expert that defendant used excessive force is not admissible and should not be considered in deciding the pending motion. He likewise argues that the court should not consider the unsworn statements of Plymouth Township police officers concerning the use of excessive force given during an internal police investigation of the incident in question. The court has not taken into account the opinion or these statements in deciding the pending motion.